UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Oak Gentry,

               Plaintiff,

vs.                         Case No.  2:06-cv-142-FtM-29DNF

United States,

               Defendant.
_____/

## OPINION AND ORDER

This matter comes before the Court on An Emergency Petition for a Temporary Injunction With Restraining Order and Request to Complete Transfer of Legal Materials & Property (Doc. #1) filed on March 17, 2006.  Plaintiff Oak Gentry, an inmate currently confined within a federal penitentiary located in Coleman, Florida, requested emergency injunctive relief and alleged that he is being denied "due process of law, the right of access to the courts, and the equal protection rights of the U.S. Constitution." (Doc. #1, p. 1).  Specifically, plaintiff contends that Corporal Leiboitz of the Lee County Sheriff's Office wrongfully seized plaintiff's personal property, including legal materials, during plaintiff's transfer to a federal detention center in Miami, Florida.

Under Federal Rule of Civil Procedure 65(b), a temporary restraining order may be granted without notice only if (1) "it clearly appears from specific facts . . . that immediate and irreparable injury, loss, or damage will result to the applicant

before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Further, under M.D. Fla. Local Rule 4.05, "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."   After a careful review of the Petition, the Court finds that plaintiff has not demonstrated a threat of an immediate and irreparable injury or loss.   Plaintiff could provide the Lee County Sheriff's Office with the address of the federal penitentiary in which he is housed before the alleged thirty-day period expires.

The Court also finds that plaintiff is *pro se*, and as such, the Court liberally construes plaintiff's Petition as a Complaint.[1] In doing so, the Court notes that plaintiff did not accompany his Complaint with the $150.00 filing fee or a request to proceed *in forma pauperis*.   See 28 U.S.C. §§ 1914(a), 1915(a)(1).

Accordingly, it is now

---

[1]To the extent that plaintiff argues equitable tolling and seeks an extension of time to appeal the judgment in his criminal case, plaintiff should consider seeking such relief and stating clearly the reasons for the extension of time in that criminal case.  The present course of initiating a new civil action may be unnecessary if plaintiff is seeking only an extension of time to file his appeal.

**ORDERED:**

1.  Plaintiff's Emergency Petition for a Temporary Injunction With Restraining Order and Request to Complete Transfer of Legal Materials & Property (Doc. #1) is **DENIED.**

2.  The Clerk of Court shall send an Affidavit of Indigency and a Prisoner Consent Form to the Plaintiff.

3.  Within **TWENTY-ONE (21) DAYS** from the date of this Order, plaintiff shall either submit the $150.00 filing fee or complete and file the enclosed Affidavit of Indigency and Prisoner Consent Form.  Failure to do so will result in the dismissal of this action without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-3-